UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANTHONY MOORE,                                        Civil No. 12-1146 (DWF/LIB)

          Plaintiff,

      v.                                             **REPORT AND RECOMMENDATION**

LEANN K. BERTSCH,

          Defendant.

Plaintiff, a North Dakota state prison inmate, commenced this action by filing a self-styled complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.)  Plaintiff did not pay any filing fee for the present action, but instead applied for leave to proceed in forma pauperis, ("IFP").  (Docket No. 2.)  The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation, ("R&R"), pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's IFP application should be denied, and this action should be dismissed without prejudice.

Plaintiff is attempting to sue Leann Bertsch, the Director of the North Dakota Department of Corrections and Rehabilitation.  He is seeking a judgment in this case that would cause him to be transferred from state prison to a federal prison.  Plaintiff apparently believes that such a transfer would improve the conditions of his confinement.

This is the fourth lawsuit that Plaintiff has brought against Defendant Bertsch in this District during the past eight months.  This Court has previously recommended that all three of Plaintiff's earlier actions against Defendant Bertsch be summarily dismissed for

lack of personal jurisdiction.[1]

Plaintiff's current complaint appears to raise some new grievances about the conditions of his confinement within the North Dakota state prison system. However, the complaint in this case – just like each of the complaints in Plaintiff's last three cases – does not show any grounds for exercising personal jurisdiction over Defendant Bertsch.[2]

The personal jurisdiction requirement, and the reasons why personal jurisdiction over Defendant Bertsch does not exist here in the District of Minnesota, have been fully explained in each of Plaintiff's last three lawsuits. There is no need to discuss those matters yet again. If Plaintiff is unsure why this action must be dismissed for lack of personal jurisdiction, he should review the R&Rs that were filed in his last three cases.

Thus, the Court will recommend that this action be summarily dismissed, without prejudice, for lack of personal jurisdiction over the named Defendant. Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's IFP application be denied. See 28 U.S.C. § 1915(e)(2)(B); Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (per curiam); Martin-Trigona v. Smith, 712

---

[1] See Moore v. Bertsch, Civil No. 11-2692 (DWF/LIB); Moore v. Bertsch, Civil No. 11-3700 (DWF/LIB); Moore v. Bertsch, Civil No. 12-607 (DWF/LIB). The R&R filed in Plaintiff's last preceding case, (No. 12-607), is still pending before the District Court Judge at this time.

[2] Although Defendant Bertsch is the only defendant named in the caption of Plaintiff's complaint, the body of the complaint alludes to other possible defendants, including the North Dakota Supreme Court, the Stutsman County District Court, and the James River Correctional Center Superintendent. However, there are no allegations suggesting that those other possible defendants reside in Minnesota, or have engaged in any activity that might create personal jurisdiction over them in Minnesota. Therefore, if Plaintiff is attempting to sue any of those other possible defendants, there is no proper basis for exercising personal jurisdiction over any of them in this District.

F.2d 1421, 1424 (D.C.Cir. 1983).

Finally, the R&R filed in Plaintiff's last preceding action in this District, (Civil No. 12-607), cautioned him that he could not continue to file lawsuits warranting summary dismissal. Plaintiff was advised that if he filed another lawsuit that could not survive <u>sua sponte</u> review, the Court would recommend that he should be barred from filing any further <u>pro se</u> actions without authorization from a judge of the District Court. Because Plaintiff has failed to heed that warning, the Court now recommends that Plaintiff should be identified as a "restricted filer" in this District, and he should be barred from filing any further actions in this District, unless (a) he is represented by counsel, or (b) his complaint has been pre-approved for filing by a Judge of the District Court.

## RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**;

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**; and

3. The Clerk of Court should be directed to identify Plaintiff as a "Restricted Filer," and refuse to file any new pleadings submitted by Plaintiff unless he is represented by counsel, or his pleading has been pre-approved for filing by a Judge of the District Court.

Dated: May 21, 2012

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by June 4, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.